Singh v. Garland

BIA
Nelson, IJ
A200 238 866

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
MICHAEL H. PARK,
        *Circuit Judges.*

_____

TALVINDER SINGH,
        *Petitioner,*

        v.                                                    **19-3460**
                                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Anas J. Ahmed, Esq., Pannun the
                           Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:            John D. Williams, Trial Attorney,
                           (Russel J. E. Verby, Senior

Litigation Counsel, Office of Immigration Litigation, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Talvinder Singh, a native and citizen of India, seeks review of an October 9, 2019 decision of the BIA affirming a February 15, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Singh,* No. A 200 238 866 (B.I.A. Oct. 9, 2019), *aff'g* No. A 200 238 866 (Immig. Ct. N.Y.C. Feb. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA assumed credibility and affirmed the IJ's decision as to only its alternate finding that, even if Singh were credible, he failed to meet his burden of proof. Accordingly, we review the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The adverse credibility determination is no longer part of the decision

2

under review and, like the BIA, we assume, but do not determine, credibility. *Id.* at 271–72. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings under the substantial evidence standard and questions of law *de novo*). We deny the petition because Singh has failed to assert a meaningful challenge to the dispositive bases for the BIA's decision.

In his brief, Singh challenges the IJ's determination that he was not credible, but that issue is not before this Court. *See Yan Chen*, 417 F.3d at 271–72. Singh does not acknowledge that the agency found insufficient evidence of a nexus to a protected group or the involvement or acquiescence of government actors, or identify what evidence supports his conclusion. Accordingly, he has abandoned any challenge to the dispositive bases for the BIA's decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and

3

normally will not be addressed on appeal.").

Even had he preserved a challenge to the dispositive findings, we would find no basis for remand. To establish eligibility for asylum or withholding of removal, an applicant has the burden to show past persecution, or a fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1158(b)(B)(i), 1231(b)(3); 8 C.F.R. §§ 1208.13(b), 1208.16(b). An applicant must demonstrate that his persecutors were motivated by their perception of his political opinion, rather than merely by their own opinion. *See Yueqing Zhang*, 426 F.3d at 545. Although Singh testified that he did not agree with the militants' mission to separate Kashmir from India, he did not allege that the militants attacked him because of this view, but rather that they attacked him when he refused to work for them. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring evidence that guerillas would target applicant "*because of* [applicant's] political opinion, rather than because of [applicant's] refusal to fight with them"). Additionally, the agency reasonably concluded that Singh

4

failed to establish that he was a member of his proposed particular social group of "males in Kashmir forced to join terrorist groups" because he never established that the individuals who attacked him were part of a terrorist group. Finally, the record supports the agency's denial of Singh's CAT claim because Singh did not establish that he would more likely than not be tortured by, or with the acquiescence of, government officials. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5